Zoll et al. *v.* Lofland, Appellant.

Argued November 17, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Benjamin Fertik,* for appellant.

*C. Wilfred Conard* of *Conard & Middleton,* for appellee.

OPINION BY CUNNINGHAM, J., January 25, 1933:

In a suit upon a contract in writing a judge of the municipal court, sitting without a jury, found in favor of the plaintiffs in the sum of $195; defendant's motions for a new trial and for judgment n. o. v. were denied and this appeal is from the judgment entered on the finding.

The circumstances which brought about the execution of the writing were these:

Plaintiffs owned the premises at No. 349 North Third Street, Philadelphia. On December 20, 1926, one of them, Carrie A. Zoll, and Clayton Lofland, defendant below and appellant herein, executed a contract by which defendant agreed to make specified changes in, and repairs to, plaintiffs' building, then about to be leased to the Lighting Equipment and Supply Company. Among the items covered by this contract was the installation of a new electric elevator in the rear of the building. At that time the Philadelphia Electric Company was supplying direct current for such service in that vicinity, but the parties knew it contemplated changing its service from direct to alternating current, within a year, and that when direct current could no longer be obtained, it would

be necessary to remove the direct current elevator motor and install one adapted to the use of alternating current.

When the parties met in the spring of 1927 to make settlement for the alterations, costing about four thousand dollars, all their differences were amicably adjusted and closed, except a question raised by Mrs. Zoll as to the mechanical perfection of the new elevator and the cost of changing motors when that became necessary. Defendant told her the elevator would operate satisfactorily and that the tenant had given the electric company a letter, under date of February 1, 1927, agreeing to install an alternating current motor when the electric company changed the character of its service. Mrs. Zoll replied she had no knowledge of such arrangement and insisted upon some assurance from defendant that she would not have to pay for changing the motors. The following agreement was then prepared, signed by defendant, and delivered to her, "Philadelphia, March 9, 1927. Mrs. Carrie A. Zoll. Dear Madam: I hereby guarantee the elevator installed by me in the building 349 N. Third Street, from any defects caused by wear and tear for the period of one year. I also will replace the present direct current motor with an alternating current motor in case you are compelled to do so by the Philadelphia Electric Co. Yours very truly, (sgd.) Clayton Lofland."

The settlement was then concluded and defendant received the amount claimed by him. In October, 1927, the electric company discontinued supplying direct current to the premises and, on the twentieth of that month, shut off its service, awaiting the installation of an alternating current motor.

Mrs. Zoll notified defendant repeatedly, by telephone and in writing, of the demands of the tenant that the motor be changed and that unless defendant installed the required motor by October 27th, she would have

the work done by another contractor at defendant's expense. Defendant made no effort to comply with this notice; Mrs. Zoll had the motors changed at an expense of $195 and brought this suit.

The defense was twofold: (a) That two of the plaintiffs, Adolph G. Speier and William G. Speier, (nephew and brother of Carrie A. Zoll and co-owners of the property), were not parties to the contract and could not sue thereon, and (b) that Mrs. Zoll had not been "compelled" by the electric company to replace the motor.

As to the first, the trial judge found, upon sufficient evidence, that Mrs. Zoll had been "acting on behalf of all of the plaintiffs." Under the evidence in this case, defendant is not entitled to insist upon this technicality; he will be fully protected by the judgment against any further claims from any source by reason of his failure to comply with his contract.

The second proposition of defendant was, as stated in his affidavit of defense, that Mrs. Zoll was under no legal obligation to change the motor until it had been "judicially determined in a court of law" that the tenant was not liable to make the change under its agreement with the electric company.

The difficulty with defendant's contention is that Mrs. Zoll was not a party to the contract between her tenant and the electric company for its service, nor had she any agreement with the tenant that it would change the motor. She was in the position of a landlord who had undertaken to place, and maintain, the building in such condition that the tenant might conduct its business therein. The electric current had been cut off; the tenant, disregarding its contract with a third party, was demanding of her that the necessary and contemplated change be made; this, in our opinion, created the contingency upon the happening of which defendant had bound himself to change the

178

motor. Upon his failure to do so, after full notice, we think Mrs. Zoll was justified in having the work done by another. No question was raised as to the reasonableness of the price paid for the work. The assignments are severally overruled.

Judgment affirmed.